UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REMA HEGAZY,

    Petitioner,                                  Case No. 25-10470
                                                        Hon. Linda V. Parker

v.

USCIS OFFICERS, *et al.*,

    Respondents.
_____/

## OPINION AND ORDER GRANTING MOTION FOR LEAVE TO AMEND (ECF No. 11)

This matter is before the Court on Petitioner Rema Hegazy's motion for leave to amend, filed on May 6, 2025. (ECF No. 11.) This action was originally filed on February 18, 2025, and Respondents were served on March 17, 2025. For the reasons set forth below, the Court **GRANTS** Petitioner's motion for leave to amend. (ECF No. 11.)

Pursuant to Federal Rule of Civil Procedure 15(a), leave to amend is "freely" granted "when justice so requires." *See* Fed. R. Civ. P. 15(a). Plaintiffs should be allowed the opportunity to test a claim on the merits if the facts and circumstances underlying the claim suggest that it may be a proper subject of relief. *Foman v. Davis*, 371 U.S. 178, 182 (1962). However, a motion to amend a complaint should

be denied if the amendment is brought in bad faith or for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile. *Id*.

Prejudice may result from delay, but "[d]elay by itself is not sufficient reason to deny a motion to amend. Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994) (citation and quotation marks omitted). A court should also consider whether the amendment will require the opposing party "to expend significant additional resources to conduct discovery and prepare for trial" or whether it will "significantly delay the resolution of the dispute," as either effect constitutes prejudice. *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

In this case, Respondents have not responded to or otherwise opposed the motion to amend. Furthermore, the parties have stipulated to an extension of the time to file an answer or otherwise respond to the complaint to June 9, 2025. Consequently, granting leave to amend at this juncture would not result in substantial prejudice to Respondents who still have a significant amount of time to prepare an answer or other response to the complaint. Furthermore, the claims raised in the proposed amended petition are largely the same as those raised in the initial complaint. As the motion for leave to amend was filed less than three

months after the initial complaint, granting leave to amend would not result in substantial delay.

For these reasons, Petitioner's motion for leave to file an amended complaint is **GRANTED**. (ECF No. 11.) Petitioner **SHALL FILE** her amended complaint within 14 days of this Opinion and Order.

Furthermore, Petitioner **SHALL REGISTER** as a pro se e-filer with the Court within 14 days of this Opinion and Order:

https://www.mied.uscourts.gov/index.cfm?pagefunction=ProSeDocs.

Furthermore, the Court **ADVISES** Hegazy that the District's website contains information useful to pro se parties, including a template for an amended complaint:

http://www.mied.uscourts.gov/index.cfm?pageFunction=proSe#courthelp.

Additionally, among the resources available is the University of Detroit Mercy Law School Federal Pro Se Legal Assistance Clinic and the District's Pro Se Case Administrator.

**SO ORDERED**.

                                                  s/ Linda V. Parker
                                                  LINDA V. PARKER
                                                  U.S. DISTRICT JUDGE

Dated: May 14, 2025

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 14, 2025, by electronic and/or U.S. First Class mail.

                                                          s/Aaron Flanigan
                                                          Case Manager