UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

REMA HEGAZY et al.,

       Plaintiff,

v.

                                   Case No. 25-10470
                                   Honorable Linda V. Parker
                                   Mag. Judge David R. Grand

USCIS OFFICERS
               Defendants.
_____/

**OPINION AND ORDER (1) REJECTING PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE GRAND'S DECEMBER 4, 2025, REPORT AND RECOMMENDATION AND (2) ADOPTING THE REPORT AND RECOMMENDATION [ECF NO. 36]**

Plaintiff Rema Hegazy and her minor child, M.T., ("Plaintiffs" or "Hegazy") initiated this lawsuit on February 18, 2025.  On February 24, 2025, the Court granted the Plaintiffs permission to proceed *in forma pauperis*. (ECF No. 5 at PageID.23.)

In the complaint, the Plaintiffs challenged USCIS's decision to deny Rema Hegazy's naturalization application, as well as other issues related to the location of M.T.'s anticipated naturalization ceremony. (ECF No. 1 at PageID.3-4.)  At the time of filing, Rema Hegazy had a pending appeal regarding the denial of her naturalization application. (ECF No. 16 at PageID.127.) When the determination was upheld on appeal, Hegazy filed a supplemental complaint with new parties and

new claims. (ECF No. 16.) In response, Defendants filed a motion for a more definite statement. (ECF No. 17.) The Court granted the motion and directed Hegazy to file a second amended complaint. (ECF No. 18 at PageID.148.)

On July 22, 2025, Plaintiff Hegazy filed a second amended complaint, which included an individual capacity claim against the USCIS officers who were allegedly involved in her naturalization process. (ECF No. 19 at PageID.157.) Defendants filed an answer to the second amended complaint on September 4, 2025. (ECF No. 24.) The matter was referred to Magistrate Judge David R. Grand for all pretrial proceedings, including a hearing and determination of all non-dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(A) and/or a Report and Recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF Nos. 22 & 28.)

On December 4, 2025, Magistrate Judge Grand issued a Report and Recommendation ("R&R") in which he recommends that this Court *sua sponte* dismiss, in part, Hegazy's second amended complaint under 28 U.S.C. § 1915(e)(2). (ECF No. 36.) Specifically, Magistrate Judge Grand finds that Hegazy's claims against the USCIS officers in their individual capacity fail as a matter of law and therefore do not present a claim upon which relief can be granted. (*Id.* at PageID.312, 314-15, 318.) Magistrate Judge Grand therefore

2

recommends that Hegazy's claims against the USCIS officers in their individual capacities be dismissed.  (*Id.* at 318.)

At the conclusion of the R&R, Magistrate Judge Grand informs the parties that they must file any objections to the R&R within fourteen days. Hegazy filed objections to the R&R on December 15, 2025. (ECF No. 38.) Defendants filed a response to the objections on December 17, 2025. (ECF No. 39.)

When objections are filed to a magistrate judge's R&R on a dispositive matter, the Court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). A general objection, or one that does nothing more than disagree with a magistrate judge's determination or summarize what has been presented before, is not considered a valid objection.  *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 508-09 (6th Cir. 1991).  The Court, however, "is not required to articulate all of the reasons it rejects a party's objections."  *Thomas v. Halter*, 131 F. Supp. 2d 942, 944 (E.D. Mich. 2001) (citations omitted).  A party's failure to file objections to certain conclusions of the R&R waives any further right to appeal on those issues.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Likewise, the failure to object to certain conclusions in the magistrate judge's report releases the Court from its duty

to independently review those issues.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Here, it appears that Plaintiff Hegazy has not put forth valid objections to Judge Grand's recommendation but simply seems to misunderstand his findings. For example, Hegazy alleges that the R&R improperly subjects her to a prisoner status under 28 U.S.C. § 1915(a). The challenged sentence reads as follows: "once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), the court must test its sufficiency under § 1915(e)." (ECF No. 36 at PageID.312.)

28 U.S.C. § 1915 governs the process in which Courts address plaintiffs that are proceeding *in forma pauperis*. The Court acknowledges that Section 1915(a) is one of the subsections of  Section 1915 that apply to prisoners; however, the line in Judge Grand's R&R that refers to the provision is harmless when put in context of Judge Grand's full analysis. Judge Grand only included this provision to acknowledge that Plaintiff is proceeding *in forma pauperis* and that this status triggers the screening process found in Section 1915(e)(2). This one line does not have any effect on the true standard to which Plaintiff's *complaint* is held under the screening mechanism found in Section 1915(e)(2).

Plaintiff also challenges Judge Grand's interpretation of Section 1915(e)(2) and suggests that the Court does not have the authority to *sua sponte* dismiss her complaint now that Defendants have filed an answer. Again, Plaintiff seems to

misunderstand the true effect and process of *sua sponte* dismissals under Section 1915(e)(2). The statute is clear in stating that "the court shall dismiss the case **at any time** if the court determines that an action or appeal fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e). The Court is not prohibited from doing so because an answer has been filed.

Finally, Hegazy makes several objections to Judge Grand's determination that her *Bivens* claim against the individual USCIS officers fails as a matter of law. These objections do not appear to be grounded in any legal theory sufficient to overcome Judge Grand's conclusion. Accordingly, the Court will address them collectively.[1]

When the Supreme Court of the United States first recognized a *Bivens* remedy in 1971, the Court reasoned that there must be an implied cause of action allowing individuals to sue federal officials for constitutional violations since 42 U.S.C. § 1983 allowed suits against state officials in their individual capacities. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 391-95 (1971). After *Bivens*, however, the Court has made clear that *Bivens* claims are now strongly disfavored. The Court has repeatedly signaled that the former

---

[1] The Court notes that several of Plaintiff Hegazy's objections state incorrect legal principles and misapply the law. Under Federal Rule of Civil Procedure Rule 11, pro se plaintiffs are responsible for the content of their filings—including the accuracy of all legal arguments. A plaintiff's pro se status does not excuse noncompliance with Rule 11 nor shield litigants from the consequences of submitting legally deficient filings.

Court may have overreached and created a remedy that Congress never authorized.

*Ziglar v. Abbasi*, 582 U.S. 120, 132-35 (2017). As a result, the Court has narrowed

the doctrine. [2]  Today, only a very limited set of circumstances will support a

*Bivens* claim, and the Court has "consistently refused to extend *Bivens* to any new

context or new category of defendants." *Ziglar*, 582 U.S. at 135 (citing

*Correctional Services Corp. v. Malesko*, 534 U.S. 61, 68 (2001). Consequently, the

Court has emphasized that expanding the doctrine beyond those narrow contexts is

"a disfavored judicial activity." *Ziglar*, 582 U.S. at 135.

Here, it is clear that Plaintiff's allegations present a new context that

forecloses the availability of a *Bivens* remedy. Plaintiff contends that her individual

capacity claims do not present a new context because, like the plaintiff in *Davis v.*

*Passman*, she alleges that her Fifth Amendment rights were violated. However, the

context and mechanism of the alleged injury is different than that presented in

*Davis*. *See Ziglar*, 582 U.S. at 138-140 (noting that even a claim that shares the

same alleged violated right and mechanism of injury as a Court-approved scenario

may still be barred if the context differs.) *Davis* involved a straightforward gender

---

[2] As explained in *Ziglar*, there are two instances, in addition to *Bivens*, in which the Supreme Court of the United States has approved an implied damages remedy: "In *Davis v. Passman,* 442 U.S. 228 (1979), an administrative assistant sued a Congressman for firing her because she was a woman. The Court held that the Fifth Amendment Due Process Clause gave her a damages remedy for gender discrimination. *Id.* at 248-49. In *Carlson v. Green*, 446 U.S. 14 (1980), a prisoner's estate sued federal jailers for failing to treat the prisoner's asthma. The Court held that the Eighth Amendment Cruel and Unusual Punishments Clause gave him a damages remedy for failure to provide adequate medical treatment. *See id.* at 19." *Ziglar*, 582 U.S. at 131.

discrimination claim against a federal employer. Plaintiff Hegazy's second amended complaint is void of any allegations of gender-based discrimination, and the source of her alleged injury is instead the complex process that governs naturalization and citizenship. Accordingly, because this context is materially different and therefore new, a *Bivens* remedy is unavailable, and Plaintiff's individual capacity claims must be dismissed for failure to state a claim upon which relief can be granted.

For these reasons, the Court rejects Plaintiff Hegazy's objections to Magistrate Judge Grand's R&R and adopts Magistrate Judge Grand's recommendations.

Accordingly,

**IT IS ORDERED** that Plaintiff Hegazy's claims against the USCIS officers in their individual capacities are **DISMISSED** pursuant to 28 U.S.C. § 1915(e).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: March 9, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 9, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager